**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Michael Roy SEYMOUR, Defendant–
Appellant.**

No. 03–30580.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 17, 2004.*

Decided Sept. 21, 2004.

Robert G. Thomson, Esq., Douglas W. Fong, Esq., USME–Office of the U.S. Attorney, Medford, OR, for Plaintiff–Appellee.

Fed. R.App. P. 34(a)(2).

777

Richard B. Thierolf, Jr., Esq., Jacobson, Thierolf & Dickey, P.C., Medford, OR, for Defendant–Appellant.

Before: WALLACE, GOULD, and BEA, Circuit Judges.

## MEMORANDUM **

Defendant, Michael Seymour, appeals[1] the district court's determination, after a hearing pursuant to *Franks v. Delaware,* 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978), that the search warrant executed on November 12, 2001, and which prompted Seymour's conviction, was valid.

The general rule for challenging a search warrant based on errors, omissions, or misstatements in the affidavits used to secure the search warrant is described by *Franks:*

> The threshold determination in a *Franks* hearing is whether erroneous statements or omissions in an affidavit supporting a search warrant were made knowingly and intentionally, or with reckless disregard for the truth. If such a finding is made, the court then determines whether with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause.

*United States v. Senchenko,* 133 F.3d 1153, 1158 (9th Cir.1998) (internal citations and quotations omitted). Two sequential steps are required to find a *Franks* violation

here. First, we determine whether the district court erred when it determined that Officer Ivens did not intentionally or recklessly withhold the information. *Senchenko,* 133 F.3d at 1158. If we conclude there is clear error, we must then conduct de novo review to determine if the omissions negate probable cause. *United States v. Reeves,* 210 F.3d 1041, 1044 (9th Cir.2000).

The crux of this appeal concerns the affidavit supporting the warrant. At the heart of the affidavit is the credibility of a confidential informant. At the defendant's *Franks* hearing, he presented evidence of several factual omissions from the search warrant as presented by Officer Justin Ivens. These omissions included that the confidential informant, Jackie Hager, had resided with the defendant and the defendant's wife from May 2001 to October 2001. The omissions also included details about charges pending against the confidential informant, whereas the affidavit had merely disclosed that the information was provided in consideration of pending charges without detailing those charges. Nor did the affidavit state that Ms. Hager had methamphetamine seized from her by Officer Ivens, that Ms. Hager had used four different social security numbers and a false name, or that Ms. Hager had been arrested on numerous occasions. Finally, the affidavit did not include a conviction in Oregon for forgery, and a conviction in Montana for "unsworn falsification." While the government disputed the need to have included in the affidavit details on pending charges or on social security num-

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Seymour technically appeals the denial of three other motions to suppress, but he does not argue the other issues he claims to preserve. As the asserted errors in denying the

other motions to suppress have not been argued before us, we do not consider them. *See, e.g., Kim v. Kang,* 154 F.3d 996, 1000 (9th Cir.1998) ("[W]e will not ordinarily consider matters on appeal that are not specifically and distinctly argued in appellant's opening brief.") (internal citations and quotations omitted).

ber variations, the government did concede that the additional convictions should have been included in the affidavit.

After hearing the testimony of the defendant, the affiant officer, and a defense witness, the district court denied the defendant's motion to suppress, ruling against Seymour on both prongs of the *Franks* inquiry. The district court found that the omissions in the search warrant affidavit were not intentional or reckless. In the alternative, the district court found that addition of the information did not negate probable cause.

Here, Seymour did not demonstrate that the district court clearly erred when it found that Officer Ivens did not intentionally or recklessly omit material information. This would be true even if we would have been convinced as the trier of fact that such omissions were intentional or reckless. *Phoenix Eng'g & Supply Inc. v. Universal Elec. Co.*, 104 F.3d 1137, 1141 (9th Cir.1997). Officer Ivens did omit some information, as the district court acknowledged. But, evidence of mere omissions is not proof of reckless or intentional behavior. Having carefully considered all of the evidence omitted from the affidavit, we hold that the district court finding that there was no intentional wrongdoing or reckless behavior by the affiant was not clearly erroneous.

We conclude that no relief was required as a result of the *Franks* hearing. Because the first prong of *Franks* was not satisfied, we hold that the warrant was not defective and the evidence was properly admitted.

AFFIRMED.